IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRAIG SPENCER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil No. 15-cv-1319-JPG-CJP |
| COMMISSIONER of SOCIAL SECURITY, | ) ) ) ) |
| Defendant. | ) |

## ORDER for ATTORNEY'S FEES

**PROUD, Magistrate Judge:**

This matter is before the Court on Plaintiff's Unopposed Motion for Approval of Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 40). Defendant has indicated that she has no objection to the motion. Doc. 41.

After this Court reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner granted plaintiff's application for benefits. The fee agreement between plaintiff and his attorney (Doc. 40, Ex. 2) provided for a fee of 25% of plaintiff's past-due benefits. The Commissioner withheld 25% of the past due amount payable to plaintiff ($42,242.00) pending court approval of the fee. (Doc. 40. Ex. 1). Because the attorneys who represented plaintiff at the agency level have requested fees totaling $10,000.00, counsel here seeks a fee of $32,242.00.

42 U.S.C. § 406(b)(1)(A) provides that the Court may allow a "reasonable fee," not in excess of 25% of the total of the past-due benefits. However, if the Court approves such a fee, "no other fee may be payable or certified for payment for such representation except as provided in this paragraph." *Ibid*. In practical

1

terms, this means that, when a fee is awarded under § 406(b)(1), counsel must refund any amount previously awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(B).

The Supreme Court has held that § 406(b)(1) controls, but does not displace, contingent fee agreement in social security cases:

> Most plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.

*Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

Having reviewed the circumstances presented here, including the time and effort expended by counsel, the excellent result received by plaintiff, the amount of the past-due benefits and the value of the projected benefits over plaintiff's expected life span, the Court concludes that $32,242.00 is a reasonable fee here.

The Court notes that the Commissioner does not oppose the motion. While the Commissioner has no direct stake in the § 406(b)(1) fee request, she "plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht*, 535 U.S. at 798, n. 6.

Wherefore, Plaintiff's Unopposed Motion for Approval of Attorney's Fees Pursuant to 42 U.S.C. § 406(b) **(Doc. 40)** is **GRANTED**. The Court awards plaintiff's counsel Barry A. Schultz a fee of $32,242.00 (thirty-two thousand, two hundred and forty-two dollars).

Counsel shall refund to plaintiff the amount previously awarded under the EAJA, $10,883.29.

**IT IS SO ORDERED.**

DATED: August 10, 2018.

                                                **s/ Clifford J. Proud**
                                                **CLIFFORD J. PROUD**
                                                **UNITED STATES MAGISTRATE JUDGE**